# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
## COURT FILE NO.:

| | |
|---|---|
| LISA M. BORTNER and<br>RONALD L. BORTNER, JR.,<br>               Plaintiffs<br>v.<br><br>ADMIN RECOVERY, LLC and<br>LOU LORETTO<br>          Defendants | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.  The United States Congress has found there is abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress drafted the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (hereinafter "FDCPA"), with the goal to eliminate abusive collection practices utilized by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

1

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3.  This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et. seq. (FCEUA).

4.  Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here in Pennsylvania.

## PARTIES

5.  Plaintiff, Lisa M. Bortner is a natural person who resides in the Town of Palmyra, County of Lebanon, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.  Plaintiff, Ronald L. Bortner, Jr. is a natural person who resides in the Town of Palmyra, County of Lebanon, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.  Defendant, Admin Recovery, LLC (hereinafter referred to as "ARL" or Defendant) is upon information and belief a business incorporated

under the laws of New York with a business address located at 5930 Main Street, Williamsville, NY 14221.

8.    At all times relevant to this Complaint, ARL, transacted business in the Middle District of Pennsylvania and at other locations throughout the United States operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9.    Defendant, Lou Loretto is upon information and belief an owner, manager, officer, employee, and/or agent of Defendant ARL, regularly engaged in the business of collecting debts, with a primary business address located at 5930 Main Street, Williamsville, NY 14221.

10.   At all times relevant to this Complaint, Defendant Lou Loretto transacted business in the Middle District of Pennsylvania and at other locations throughout the United States operating as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

11.   At all times relevant to this Complaint, the Defendants transacted business in the Middle District of Pennsylvania and at other locations throughout the United States, operating as a collection agency and as "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

12.   At all times material and relevant hereto, Defendants are jointly, severally, individually, vicariously and/or equitably liable to Plaintiff.

3

## FACTUAL ALLEGATIONS

13.   Plaintiff, Lisa M. Bortner allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5), namely, a credit card debt.

14.   Plaintiff, Lisa M. Bortner allegedly became delinquent on said account and unable to make her monthly payments due to circumstances beyond her control.

15.   Upon information or belief, Plaintiff, Lisa M. Bortner's account was placed, sold or otherwise transferred to Defendants for collection.

16.   Following the assignment and/or sale of Plaintiff's alleged credit card debt, Defendants began contacting Plaintiffs via telephone in an attempt to collect an alleged debt.

17.   On or around April 1, 2010, Plaintiff, Ronald Bortner, Jr. received two telephone messages from Defendant Loretto regarding the alleged outstanding credit card balance in his wife's name.

18.   Ronald Bortner, Jr. informed his wife of the messages and advised her to return the calls after she arrived home from work.

19.   Prior to Lisa M. Bortner returning home from work she received a call on her cell phone from her father.  Mrs. Bortner's father advised her

that an individual, who indentified himself as "Lou Loretto," contacted him and stated that he was from a repossession company and was trying to get in contact with Mrs. Bortner.

20.  Defendant Loretto further informed Mrs. Bortner's father that she owed approximately $6,200.00 on a credit card for the purchase of a swimming pool.

21.  Defendant Loretto advised Mrs. Bortner's father that he would repossess the pool if he did not hear back from her.  In concluding his conversation with Plaintiff's father, Loretto stated that he had never repossessed a pool before and did not want to embarrass the couple by leaving a hole in their yard.

22.  Mrs. Bortner never provided Defendants with consent or permission to contact her father and disclose her personal financial information.

23.  Defendants' actions of contacting Mrs. Bortner's father, disclosing to him personal financial information and making false threats about repossession were meant to harass, embarrass and oppress the Plaintiffs into making a payment on the alleged debt.

24.  Prior to Defendants' actions, Mrs. Bortner's father had no knowledge of the parties' financial difficulties.

25.   Such conduct as described above is in violation of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(b), 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692e(11), 1692f, and 1692f(1) amongst others.

26.   After receiving a tearful telephone call from his wife regarding the call she received from her father, Mr. Bortner placed a call to Defendants to see if there was anything he could do to avoid repossession of the family's swimming pool.

27.   Once connected with ARL's agent/employee Loretto, Plaintiff offered to make monthly payments on the alleged debt.   Defendant Loretto advised Mr. Bortner that if he did not start making payments or responded to phone calls, the pool would be repossessed, leaving an embarrassing hole in his yard. Mr. Bortner was further advised that Loretto owned the pool.

28.   Defendant Loretto further falsely and deceptively informed Mr. Bortner that a security team would accompany him to repossess the pool to avoid any possible resistance.

29.   A couple of days after speaking with Defendant Loretto, Mr. Bortner placed a phone call to ARL and requested to speak with a manager.

30.  Mr. Bortner advised a manager of ARL about Loretto's threats of repossession and the disclosure to his father-in-law. ARL's manager agreed that Loretto's conduct was inappropriate and stated guidelines that must be followed when attempting to collect a debt. ARL's manager stated he would speak to Loretto about his actions.

31.  On or around April 4, 2010, Mr. Bortner placed a telephone call to Defendants in order to set up a payment plan.

32.  After speaking with ARL's manager about a payment plan, Mr. Bortner was falsely and deceptively informed that he would be sued if he did not make a $1,500.00 payment by the end of April.

33.  Upon information and belief, Defendants never intended to sue Plaintiff's for the alleged debt, nor were the Defendants permitted by law to take such actions.

34.  Concerned and frightened that he might be sued, Mr. Bortner offered to make a payment of $1,000.00 before the end of April. However, ARL's manager rejected Mr. Bortner's offer and again advised that he needed $1,500.00 or he would sue.

35.  Defendants' statements to Mr. Bortner concerning repossession and legal action were made in effort to intimidate the Plaintiffs into making a payment. Defendants did not intend to take the actions that

they described to Plaintiffs, nor does the law permit them to take such actions. The statements to Mr. Bortner violated numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(2), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692e(11), 1692f, and 1692f(1) amongst others.

36. Plaintiffs were extremely disturbed, frightened and embarrassed over the thought that the Defendants were planning to arrive at their home with a security team to repossess their swimming pool and file suit.

37. While attempting to collect the alleged debt from Plaintiffs, Defendants acted in an abusive, harassing and deceptive manner contrary to the standards of civilized society and the standards employed by others in its industry.

38. All attempts to collect the alleged debt occurred within one year prior to Plaintiffs bringing this action.

39. As a direct and proximate cause of Defendants unlawful, abusive and harassing collection efforts Plaintiffs' have sustained actual damages in the form of extreme stress, fear, embarrassment, frustration and out-of-pocket expenses.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES

## ACT

## 15 U.S.C. §1692 et seq.

40.    Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

41.    The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

42.    As a result of Defendants' violations of the FDCPA, Plaintiffs have suffered out-of-pocket expenses and actual damages, and are therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

## COUNT II.

## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY

## ACT (FCEUA)

## 73 P.S. § 2270.1 et. seq.

## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND

## CONSUMER PROTECTION LAW (UTPCPL)

## 73 P.S. § 201-1 et. seq.

43.   Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

44.   Defendants are "debt collectors" as defined by 73 P.S. § 2270.3 of the FCUEA.

45.   Plaintiffs are "consumers" as defined by 73 P.S. § 2270.3 of the FCUEA.

46.   All of the above contacts by Defendants were "communications" relating to a debt as defined by 73 P.S. §§ 2270.3 of the FCUEA.

47.   The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a), as evidenced by the following conduct:

(a) Any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

(b) The placing of telephone calls to at any unusual time, unusual place or place known to be inconvenient to the consumer;

(c) The use of profane or abusive language the natural consequence of which is to the abuse the hearer;

(d) Making false and deceptive statements regarding character of the alleged debt;

(e) Without the prior consent of the consumer communicating in connection with the collection of any debt, with a any person other than the consumer;

(f) The false representation of the character, amount or legal status of any debt;

(g) The false representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person;

(h) Falsely and deceptively threatening attachment, seizure or garnishment;

(i) The threat to take any action that cannot legally be taken or that is not intended to be taken;

(j) The use of false representation or deceptive means to collect a debt or obtain information about a consumer;

(k) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt;

(l) The failure to disclose that a communication is from a debt collector.

48.     Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law with the purpose of coercing Plaintiffs. to pay the debt.

49.     As a result of the of the above violations of the FCUEA and UTPCPL, Plaintiffs have suffered ascertainable losses entitling them to an award of statutory, actual and treble damages and attorney's fees and costs.

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

50.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

51.   Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns of affairs of the Plaintiffs.

52.   Defendants intentionally caused harm to Plaintiffs' emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

53.   Plaintiffs, Lisa M. Bortner and Ronald L. Bortner, Jr. had a reasonable expectation of privacy in their solitude, seclusion, and or private concerns or affairs.

54.   Defendants, without the authorization or permission of Plaintiffs disclosed information of a personal, confidential and financial nature to a third party.

55.   The intrusion by Defendants occurred in way that would be highly offensive to a reasonable person in Plaintiffs' position.

56.   Defendant, ARL, participated in, knew of, approved of, consented to, and/or ratified the acts complained of herein.

57.   Defendant, Lou Loretto participated in, knew of, approved of, consented to, and/or ratified the acts complained of herein.

58.   As a result of such invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from each Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that judgment be entered against each and every Defendant for:

### **COUNT I.**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES**

### **ACT**

### **15 U.S.C. §1692 et seq.**

- For an order declaring that the Defendants' actions as described above are in violation of the FDCPA;

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant.

### **COUNT II.**

### **VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY**

### **ACT (FCEUA)**

### **73 P.S. § 2270.1 et. seq.**

## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND

## CONSUMER PROTECTION LAW (UTPCPL)

### 73 P.S. § 201-1 et. seq.

- For an order declaring that the Defendants' actions as described above are in violation of the FCEUA and the UTPCPL;

- for an order be entered enjoining the defendants from continuing to communicate with Plaintiffs in violation of the FCEUA and the UTPCPL;

- for an award of actual damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of statutory damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of treble damages pursuant 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to73 P.S.§ 201-9.2(a).

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- Actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA, FCUEA

and UTPCPL violations and invasions of privacy in an amount to be determined at trial;

- punitive damages from each and every Defendant for the malicious, intentional, willful, reckless, wanton and negligent violations of the FDCPA, FCUEA and UTPCPL and invasions of privacy in an amount to be determined at trial;

- for such other and further relief as may be just and proper.

## **TRIAL BY JURY**

Plaintiffs are entitled to and hereby respectfully demand a trial by jury.  US Const. Amend. 7.  Fed. R. Civ. Pro. 38.

Respectfully submitted,

Dated: 5/13/10

**RAPA LAW OFFICE, P.C.**

By:  /s/ Jason M. Rapa
Jason M. Rapa, Esquire
PA Attorney I.D. No. 89419
Matthew J. Rapa, Esquire
PA Attorney I.D. No. 208946
141 S. 1st Street
Lehighton, PA 18235
Telephone (610) 377-7730

Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Lisa M. Bortner, Sr., depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. I have provided my attorneys with true and correct copies of each and every exhibit, which has been attached to this Complaint.
7. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: 5/13/10

Lisa M. Bortner

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Ronald L. Bortner, Jr., depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. I have provided my attorneys with true and correct copies of each and every exhibit, which has been attached to this Complaint.
7. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: 5/13/10

Ronald L. Bortner, Jr.